David R. Isola, Esq. State Bar #150311
Jeffrey W. Hawkins, Esq.  State Bar 182771
ISOLA & RUIZ, LLP
701 South Ham Lane
Lodi, California 95242
Telephone 209 367-7055
Facsimile 209 367-7056
e-mail: disola@isolalaw.com

Attorneys for Plaintiff, Raymond Coldani

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND COLDANI, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JACK HAMM and PATRICIA HAMM, individually and doing business as LIMA RANCH/DAIRY,<br><br>　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1) VIOLATION UNDER §505(a)(1)(B) OF THE FEDERAL WATER POLLUTION CONTROL ACT, 33 U.S.C. §§1251 - 1387<br><br>2) ABATEMENT OF IMMINENT AND SUBSTANTIAL ENDANGERMENT PURSUANT TO RCRA--42 U.S.C. §6972(a)(1)(B) |

## I. INTRODUCTION

1.　Raymond Coldani ("Plaintiff" or "Coldani") brings the instant action requiring Defendants Jack Hamm and Patricia Hamm, individually and doing business as Lima Dairy ("Defendant" or "Lima Ranch") to immediately address violations of the Federal Water Pollution control Act [33 U.S.C. §§1251 – 1387] and an imminent and substantial endangerment presented by the presence of **solid waste** in the environment at and emanating from the **Site** pursuant to Section 7002(a) of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as further amended by the Hazardous and Solid Waste Amendments of

COMPLAINT

-1-

1984, and as further amended by the Asset Conservation, Lender Liability, and Deposit Insurance Protection Act of 1996, Pub.L. 104-208, 110 Stat. 3009, 42 U.S.C. § 6972(a).

2. The Lima Ranch has been located at 13436 N. Thornton Road, Lodi California, San Joaquin County, California for many decades. Presently, the Lima Ranch occupies approximately several hundred acres in the immediate vicinity of its Thornton Road address which is utilized for a dairy cow operation ("**Site**"). Coldani is the owner of a substantial amount of real property adjacent to and in the vicinity of the Site.

3. Operations at the Lima Ranch include feeding and stabling 1,000 animal units or more of dairy cows, milking, and animal waste collection, waste storage, and waste water discharge to open lands.

4. Lima Ranch operations have caused the groundwater beneath, and surrounding, the **Site,** (including real property owned by Coldani), to become polluted by contaminants including, but not limited to, nitrates. Groundwater that Lima Ranch has polluted by nitrates is hydrologically connected to, and discharges to White Slough, a part of the Sacramento – San Joaquin River Delta, located less than one mile from the Lima Ranch.

5. As a result of the Lima Ranch's **disposal** of **solid waste** at the **Site** (much of which was, and currently is, in violation of and/or respecting violations of federal **solid waste** regulations, state laws, and municipal ordinances concerning the **discharge** of **solid waste**) Coldani seeks relief requiring that the Lima Ranch immediately and fully address its current violations of federal **solid waste** regulations and the endangerment which the Lima Ranch has caused.

## II. JURISDICTION

6. This Court has jurisdiction over the subject matter of Coldani's claim seeking public relief for the violations of federal **solid waste** regulations and the imminent and substantial endangerment which may be present at the **Site** as authorized by Congress in the Citizen Suit provisions pursuant to §505(a)(1)(B) of the Federal Water Pollution Control Act aka the Clean Water Act ("CWA") [33 U.S.C. §1365(a)(1)] and §7002(a)(1)(B) of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976, as further amended by

the Hazardous and Solid Waste Amendments of 1984, and as further amended by the Asset Conservation, Lender Liability, and Deposit Insurance Protection Act of 1996, Pub.L. 104-208, 110 Stat. 3009, 42 U.S.C. §§ 6901-6992k ("RCRA"), 42 U.S.C. §6972 (a)(1)(B), and pursuant to 28 U.S.C. §1331 as involving questions arising under federal law.

7. Coldani has satisfied all jurisdictional prerequisites to filing this complaint in that all applicable notice requirements under CWA §505(b)(1)(A) [33 U.S.C. §1365(b)(1)(A)] and RCRA § 7002(b)(2)(A) [42 U.S.C. § 6972(b)(2)(A)] have been met.

### III. VENUE

8. Because the **Site** is located in San Joaquin County, State of California, within this Court's district, and because the violations and endangerments complained of herein have occurred there and the **disposal** of **solid waste** and/or **hazardous waste** into the environment and related wrongful acts complained of herein took place at the **Site**, venue is appropriate in this Court pursuant to CWA §1365(c)(1) and RCRA § 6972(a).

### IV. THE PARTIES

9. Plaintiff is an individual, whose principle place of residence is in San Joaquin County, California.

10. Defendants Jack and Patricia Hamm are individuals whose principle place of residence is in San Joaquin County, California, and the Lima Ranch principle place of business is in San Joaquin County, California.

### V. DEFINITIONS

11. The term **"discharge"** as used herein means the accidental or intentional spilling, leaking, pumping, pouring, emitting, emptying, or dumping of **solid waste** into or on any land or water as provided in 40 C.F.R. § 260.10.

12. The term **"disposal"** as used herein means the **discharge**, deposit, injection, dumping, spilling, leaking or placing of any **solid waste** into or on any land or water so that such **solid waste** or any constituent thereof may enter the environment or be emitted into the air or **discharged** into any waters, including groundwater, as provided in RCRA § 1004(3), 42 U.S.C. § 6903(3).

13. The term **"effluent limitation"** shall have the meaning set forth in CWA §1362(11).

14. The term **"navigable waters"** shall have the meaning set forth in CWA §1362(7).

15. The term **"point source"** shall have the meaning set forth in CWA §1362(14).

16. The term **"pollutant"** shall have the meaning set forth in CWA §1362(6).

17. The term **"Site"** as used herein shall mean 13436 N. Thornton Road, Lodi, California, San Joaquin County, and all real property in the vicinity thereof utilized by Lima Ranch in its dairy operations.

18. The term **"solid waste"** as used herein shall have the meaning set forth in RCRA §1004(27).

## VI. LEGAL BACKGROUND

### Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.*

19. Under the CWA, it is unlawful to **discharge pollutants** from a **point source** to **navigable waters** without obtaining and complying with a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES") governing the quantity and quality of discharges. 33 U.S.C. § 1342; 40 C.F.R. § 122.1(b).

20. Violators of the CWA are strictly liable for their actions. 33 U.S.C. § 1311(a). Injunctive relief is authorized to restrain violations of the CWA and to require compliance. 33 U.S.C. §§ 1319(b) and 1365.

21. The power to implement the NPDES permitting program can be delegated to a state if the state has an EPA-approved permitting program. 33 U.S.C. § 1342(b); 40 C.F.R. § 123.1. The State of California has been delegated authority to implement the NPDES program for California's water. *See* California Water Code, Division 7, Chapter 5.5, §§ 13370-13389.

22. In California, the nine Regional Water Quality Control Boards ("Regional Boards") are responsible for issuing NPDES permits. Water Code §§ 13200, 13263, and 13377.

23. Chapter 5.5 of Division 7 of the California Water Code provides that NPDES permits will be issued by the state as Waste Discharge Requirements ("WDRs"). Water Code § 13377.

When used in Chapter 5.5, the term "waste discharge requirements" is the equivalent of the term "permits" used in the CWA. Water Code §13374. For purposes of implementing the NPDES program in California, Chapter 5.5 incorporates the federal definitions of the terms "navigable waters," "pollutants," "discharge," and "point sources." Water Code § 13373.

## VII. GENERAL ALLEGATIONS

24. Coldani is a "person", as that term is defined in 33 U.S.C. §1362(5) and 42 U.S.C. §6903(15) in that Coldani is an individual.

25. The Lima Ranch is a "person" as that term is defined in 33 U.S.C. §1362(5) and 42 U.S.C. §6903(15), in that Jack and Patricia Hamm are individuals.

26. On information and belief, Coldani alleges that the Lima Ranch, on numerous occasions, violated regulations, laws, statutes, and orders respecting **effluent limitations** as more specifically alleged herein, and by doing so, is in violation of the CWA, and has contributed to the past and present handling, storage, treatment, transportation, or **disposal** of **solid waste** which has presented and today may present an imminent and substantial endangerment to health or the environment at and around the **Site**.

27. Until properly remediated, the **solid waste disposed** of by the Lima Ranch, much of which was **disposed** of in violation of and/or respecting a violation of **effluent limitations**, is continuing to cause or contribute to the imminent and substantial endangerment to health and the environment at and around the **Site**.

28. **Discharges** from Lima Ranch are regulated under the Regional Board Order No. 96-270, *General Waste Discharge Requirements for Milk Cow Dairies* ("WDR's"). Among the RWQCB's findings in the WDR is that:

> "Discharges of dairy waste, as regulated under the Water Code, include, but are not limited to: (1) the application of wastes to land, (2) the movement of waste constituents from the application and storage areas into the soil, and (3) movement of waste or water containing wastes into surface waters."

29. The WDR was also issued pursuant to §13263 of the Water Code, which requires that WDRs issued by the RWQCB to:

> "...implement any relevant water quality control plans that have been adopted, and shall take into consideration the beneficial uses to be protected...the need to protect nuisance, and the provisions of [Water Code] Section 13241."

30. Pursuant to Water Code §13240 *et seq.*, the RWQCB has adopted a Basin Plan for the Central Valley Region, including the area encompassing the Lima Ranch and property owned by Coldani. (See, RWQCB, <u>The Water Quality Control Plan (Basin Plan) for the California Regional Water Quality Control Board, Central Valley Region, Fourth Edition, Revised September 2004, The Sacramento River Basin and the San Joaquin River Basin</u> ["Basin Plan"]), which states:

> "[T]he preparation and adoption of water quality control plans (Basin Plans) is required by the California Water Code (Section 13240) and supported by the Federal Clean Water Act. Section 303 of the Clean Water Act requires states to adopt water quality standards which "consist of the designated uses of the navigable waters involved and the water quality criteria for such waters based upon such uses."

31. Lima Ranch is in violation of the WDR's, and therefore is also in violation of the CWA, in that it has failed to comply with certain provisions and prohibitions of the WDR including, but not limited to: (A) creating and maintaining a condition of nuisance or pollution as defined by Section 13050 of the California Water Code (WDR §B.1); (B) failing to minimize the percolation to groundwater of discharges of facility waste water to disposal fields (WDR §B.3.c); and (C) failing to manage corrals and manure storage areas to minimize infiltration of water into underlying soils (WDR §B.3.d).

32. Lima Ranch is specifically in violation of the WDR's, (and therefore in violation of the CWA), by being a **point source** causing, among other things, nitrates from its operations to contaminate and pollute groundwater beneath, and in the vicinity of, its operations and surrounding fields upon which waste materials are **discharged**. Groundwater that Lima Ranch has polluted by nitrates is hydrologically connected to, and discharges to White Slough, a part of the Sacramento – San Joaquin River Delta system, which constitutes **navigable waters**.

33. These nitrate-containing **discharges** originate from (A) leaks, percolation, and/or seepage of animal waste material, including, but not limited to, nitrates, from the waste storage/holding ponds on the Lima Ranch property; and (B) from infiltration and percolation of animal waste products including, but not limited to nitrates, contained in irrigation water applied to the fields at and surrounding the Lima Ranch operation that are owned and or controlled by the Lima Ranch.

34. The load of nitrogen, nitrates and other constituents present in the animal wastes at the Lima Ranch have exceeded the retention capacity of the soil and the uptake capacity of the crops such that each application of irrigation water containing animal waste continues to degrade and pollute the groundwater beneath the irrigated fields. Once the waste constituents have contaminated and polluted the groundwater beneath these fields, they subsequently migrate within the groundwater system onto Coldani property, and continue to White Slough, a part of the Sacramento – San Joaquin River Delta system, which constitutes **navigable waters**.

35. As the result of the violations described above, water supply wells located on various parcels of the Coldani property that border on, and/or are in the vicinity of the Lima Ranch, have been polluted with nitrates at concentrations exceeding the designated beneficial uses of the groundwater as defined in the Basin Plan. Specifically, groundwater sampling conducted on June 6, 2006, confirmed the presence of nitrates in numerous Coldani water supply wells at levels exceeding State of California drinking water standards (Title 22 California Code of Regulations (i.e. Maximum Contaminant Level ["MCL"] for nitrate as defined in §64431).

36. Activities and conduct at the Lima Ranch have resulted in conditions which may pose an imminent and substantial endangerment to health or the environment at and emanating from

1 the Lima Ranch in that nitrates from its operations have contaminated and polluted groundwater
2 beneath, and in the vicinity of, its operations and surrounding fields upon which waste materials
3 have been and continue to be **discharged**.

4     37. These **discharges** resulting in conditions which may pose an imminent and substantial
5 endangerment to health or the environment originate from, among other things, (A) leaks,
6 percolation, and/or seepage of animal waste material, including, but not limited to, nitrates, from
7 the waste storage/holding ponds on the Lima Ranch property; and (B) from infiltration and
8 percolation of animal waste products including, but not limited to nitrates, contained in irrigation
9 water applied to the fields at and surrounding the Lima Ranch operation that are owned and or
10 controlled by the Lima Ranch.

11     38. The load of nitrogen, nitrates and other constituents present in the animal wastes have
12 exceeded the retention capacity of the soil and the uptake capacity of the crops and each
13 application of irrigation water containing animal waste continues to cause and /or contribute to
14 conditions which may pose an imminent and substantial endangerment to health or the
15 environment.

16     39. Based on the foregoing, the Lima Ranch has contributed to the past and present
17 handling, storage, transportation, or **disposal** of **solid waste** into the environment surrounding the
18 Lima Ranch including the surface and sub-surface soils and groundwater which may present or
19 threaten to present an imminent and substantial endangerment to health or the environment in, at
20 and around the Lima Ranch.

21                                 **FIRST CAUSE OF ACTION**
22                                       .CWA Citizen Suit

23     40. Coldani refers to and realleges paragraphs 1 through 39 of this Complaint and
24 incorporates them herein by this reference.

25     41. Coldani has given the requisite Notice of Violation pursuant to CWA 505(b)(1)(A) to
26 the Lima Ranch.

27 ///
28 ///

42. Defendant has violated, and continues to be in violation of §301(a) of the CWA [33 U.S.C. §1311(a)] by failing to comply with certain provisions and prohibitions of the WDR as described in paragraphs 31-35 above.

## SECOND CAUSE OF ACTION

### Abatement of Imminent and Substantial Endangerment Pursuant To RCRA Section 7002 (a)(1)(B)

43. Coldani refers to and realleges paragraphs 1 through 42 of this Complaint and incorporates them herein by this reference.

44. Coldani has given the requisite Notice of Endangerment pursuant to RCRA § 7002 (b)(2)(B) to the Lima Ranch.

45. Coldani owns real property adjacent to and in the vicinity of the **Site**. Coldani has suffered and continues to suffer an injury in fact, i.e., a concrete and particularized, actual or imminent, invasion of a legally protected interest in the use and enjoyment of the surface water, groundwater, air, and soils surrounding the **Site**.

46. Coldani is informed and believes and thereon alleges that the injury in fact set forth in paragraph 45 above is likely to be redressed by this Court's grant of the relief requested by Coldani herein.

47. Lima Ranch has contributed and/or is contributing to the handling, storage, treatment, transportation, or **disposal** of **solid waste** which handling, storage, treatment, transportation, or **disposal** has contaminated soil and groundwater at and in the vicinity of the **Site**, and may present, and may continue to present an imminent and substantial endangerment to health and the environment until completely abated.

48. Coldani has demanded that the Lima Ranch immediately and at its sole cost, abate the imminent and substantial endangerment set forth above, by, including but not limited to, developing and implementing a Remedial Investigation/Feasibility Study ("RI/FS") which fully characterizes the lateral and vertical extent of the imminent and substantial endangerment at and in the vicinity of the **Site**, and which results in a Remedial Action Plan which fully abates the endangerment resulting from the contamination.

49. This Court has authority pursuant to 42 U.S.C. §6972(a) to order both mandatory preliminary and permanent injunctive relief requiring the Lima Ranch to take all action necessary to investigate and abate the imminent and substantial endangerment to health and the environment which may exist at the **Site**.

### PRAYER FOR RELIEF

WHEREFORE, Coldani prays for judgment as follows:

### FIRST CAUSE OF ACTION

1. For a declaration that Lima Ranch is in violation of the CWA, 33 U.S.C. § 1251 *et seq.*

2. For preliminary and permanent injunctive relief enjoining the Lima Ranch to:

   a. Comply with all provisions of the WDR controlling the Lima Ranch operations; and,

   b. Jointly and severally abate the consequences of its violations of the WDR.

3. For litigation costs, including attorneys fees, pursuant to CWA §505(d) [33 U.S.C. 1365(d).

### SECOND CAUSE OF ACTION

1. For preliminary and permanent injunctive relief enjoining the Lima Ranch to jointly and severally abate the consequences of its having contributed and/or its contributing to the handling, storage, treatment, transportation, or **disposal** of **solid waste** resulting in an imminent and substantial endangerment at and in the vicinity of the **Site,** by developing and implementing a RI/FS which fully characterizes the lateral and vertical extent of the **solid waste** contamination at and in the vicinity of the **Site**, and which results in the development and implementation of a Remedial Action Plan, approved by the Court, which fully abates the endangerment resulting from the contamination.

///
///
///
///

## ALL CAUSES OF ACTION

1. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED: April 4, 2007

ISOLA & RUIZ, LLP

By: _____
DAVID R. ISOLA
Attorneys for Plaintiff, RAYMOND COLDANI