IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND COLDANI,

        Plaintiff,

vs.

No. CIV S-07-0660 JAM EFB

JACK HAMM and PATRICIA HAMM, individually and doing business as LIMA RANCH/DAIRY,

        Defendants.

ORDER

/

       This action was before the undersigned on August 13, 2008, for hearing on defendants' motion for a protective order, and plaintiff's motion to compel responses to interrogatories and a Rule 34 inspection of defendants' land. Stephen Ardis appeared as plaintiff's counsel, and Jennifer Scott and Stephen Siptroth appeared as defense counsel. For the reasons that follow, plaintiff's motions are granted, and defendants' motion is denied.

       In brief, this action concerns plaintiff's claims for violations of section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a), in connection with defendants' farming and dairy operations at the Lima Ranch. Plaintiff owns land adjacent to the Lima Ranch, and alleges that nitrates discharged from ranch operations have contaminated the groundwater and otherwise constitute a public nuisance.

The present dispute is rooted in plaintiff's unwillingness to sign, and submit to the court for approval, a proposed stipulated protective order. Defendants, in effect, have delayed discovery until such time as plaintiff agrees to the terms of the proposed order. Conditioning response to properly served discovery requests on another party's willingness to stipulate to a protective order is inappropriate. If a party believes that it must seek a protective order and is unable to obtain the other parties' consent for a stipulated request for such an order, the appropriate response is a timely motion, not a unilateral refusal to provide discovery responses. Defendants' position is not well-taken for the additional reason that they have no entitlement to a blanket protective order, nor do they have a unilateral right to demand that plaintiff stipulate to one. Such orders are, by nature, overinclusive. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document."). Further, as discussed below, defendants have failed to establish good cause for issuance of a protective order with respect to the interrogatories propounded by plaintiff. Accordingly, defendants' motion is denied.

Turning to plaintiff's motions, the court grants both. Plaintiff served a request to inspect Lima Ranch pursuant to Fed. R. Civ. P. 34(a)(2), for purposes of testing the soil, sediment and groundwater. Plaintiff intends to take samples of each in order to show not only that nitrates exist in the groundwater, but also in order to trace the nitrates to defendants' ranching operations. In particular, plaintiff believes that antibiotics, hormones, nutritional supplements, pesticides and fertilizers used in defendants' ranching operations will appear together with nitrates in the allegedly contaminated groundwater. Plaintiff argues that the presence of such substances in the groundwater will link Lima Ranch to the alleged nitrate contamination.

To this end, plaintiff has served five narrowly-tailored interrogatories asking defendants to identify all antibiotics, hormones and nutritional supplements administered to livestock at Lima Ranch from 1990 to present. They also ask defendants to identify all fertilizers and

1  pesticides used at Lima Ranch from 1990 to present.[1]  *See* Declaration of Stephen M. Siptroth

2  ("Siptroth Decl."), Exh. 24.  Defendants object that the interrogatories seek irrelevant and

3  confidential, trade secret information.

4      Defendants' relevancy objection is overruled.  These interrogatories are reasonably

5  calculated to lead to admissible evidence bearing on the claims and defenses in this action and

6  the information requested is relevant to that purpose.  *See* Fed. R. Civ. P. 26(b)(1).  As explained

7  above, plaintiff's theory is that these substances will be found together with nitrates in the

8  allegedly contaminated groundwater, thereby providing a link to the alleged source of the

9  contamination.  Such evidence would provide direct support of plaintiff's claims.

10      Likewise defendants' objection that the interrogatories call for trade secret information is

11  overruled.  While Rule 26(c)(1) contemplates a protective order to protect confidential,

12  proprietary information, the party seeking the order must first establish that the information

13  sought, in fact, qualifies for such protection.

14      "Trade secret or commercially sensitive information must be important proprietary

15  information and the party challenging the [discovery] must make a strong showing that it has

16  historically sought to maintain the confidentiality of this information."  *Gonzales v. Google, Inc.*,

17  234 F.R.D. 674, 684 (N.D. Cal. 2006).  "Where a business is the party seeking protection, it will

18  have to show that disclosure would cause significant harm to its competitive and financial

19  position.  That showing requires specific demonstrations of fact, supported where possible by

20  affidavits and concrete examples, rather than broad, conclusory allegations of harm."  *Contratto*

21  *v. Ethicon, Inc.*, 227 F.R.D. 304, 307-08 (N.D. Cal. 2005) (quoting *Deford v. Schmid Prods. Co.*,

---

[1] In the joint statement, defendants address outstanding third party subpoenas and requests for production of documents served by plaintiff.  Plaintiff has not moved to enforce the subpoenas or discovery requests, and, in lieu of compelling responses, served the five interrogatories that are the subject of plaintiff's motion to compel.  In the joint statement, plaintiff represents that he has effectively withdrawn that discovery and substituted it with the five interrogatories.  *See* Joint Statement, 33:13-23.  Accordingly, the court finds that the subpoenas and requests for documents are not presently at issue.

120 F.R.D. 648, 653 (D. Md. 1987)).

Defendants have not made that showing on the present motions. Accordingly, plaintiff's motion to compel responses to the interrogatories is granted. Defendants shall provide verified responses to each of the interrogatories, in accordance with Fed. R. Civ. P. 33(b), within ten days from the date of service of this order.

Many of defendants' objections to the request to inspect the Ranch also hinge on plaintiff's refusal to agree to a blank confidentiality order. Again, defendants are not entitled to such an order. Although the parties have resolved many of the disputes regarding the inspection, two primary issues remain. First, the parties dispute the number of borings plaintiff's team of experts will be allowed to make. Defendants assert that plaintiff can accomplish his testing with a single boring, but plaintiff has expert has opined that at least seventeen are necessary to gather the evidence sought by this request. *See* Declaration of Victor Fisher in Support of Coldani's Motion ("Fisher Decl."), ¶¶ 6, 7. Defendants' contrary position is predicated on the theory that a single boring will reveal the presence or absence of nitrates in the groundwater. However, as set forth above, plaintiff does not just wish only to establish the presence of nitrates, but also to link the alleged contamination to Lima Ranch and information about movement and location of contaminates is needed. More than one boring is required to gather such evidence. *See id*. Accordingly, the court grants plaintiff's motion, and orders that he be permitted to make seventeen borings on defendants' property. The parties shall meet and confer regarding the location of these borings.

Second, defendants again assert that plaintiff and his team of experts must sign the proposed confidentiality agreement before entering Lima Ranch. As discussed, defendants are not entitled to a blanket protective order. Plaintiff and his experts have agreed that they will not disclose to any third parties any ranching operations they observe that may be construed as "confidential, proprietary information." In particular, plaintiff and his agents have agreed not to reveal to third parties the types of antibiotics, supplements, and hormones provided to Lima

4

1  Ranch's cows, the feed-mix information, the dairy operations in the milking process, and the
2  types of pesticides and herbicides applied at the ranch.  The court approves and endorses that
3  agreement.  Such information shall not be used outside the confines of this litigation.  The results
4  of the soil, water and sediment testing are not subject to the terms of that limited protective
5  order.
6       Finally, to the extent the parties have further disagreements or issues regarding the
7  inspection following the first day of "reconnaissance," (i.e., the experts' on-site evaluation of the
8  property for purposes of adjusting the work plan), they shall have forty-eight hours to meet and
9  confer before the testing begins.  In accordance with the foregoing, plaintiff's motion to compel
10 the inspection of land is granted.
11      Plaintiff seeks the reasonable expenses incurred in making these motions.  *See* Fed. R.
12 Civ. P. 37(a)(5).  Because plaintiff's motion has been granted and defendants' denied, the court
13 will order defendants to pay plaintiff's reasonable expenses incurred in these motions.  Plaintiff
14 may submit an affidavit detailing those expenses within ten days from the date of this order.  The
15 award is subject to the court's approval.
16      SO ORDERED.
17 DATED:  August 25, 2008.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE