IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND COLDANI,

    Plaintiff,

  v.

JACK HAMM and PATRICIA HAMM,
individually and doing business
as LIMA RANCH/DAIRY,

    Defendants.
_____/

No. 2:07-CV-0660 JAM EFB

<u>ORDER DENYING MOTION TO JOIN A</u>
<u>NECESSARY PARTY</u>

    Plaintiff Raymond Coldani ("Coldani") filed a citizen suit against defendants Jack Hamm and Patricia Hamm, individually and doing business as Lima Ranch/Dairy (collectively "Lima Ranch"), seeking to enforce regulations promulgated under the Clean Water Act, 33 U.S.C. §§ 1251-1376 ("CWA").  Coldani alleges that Lima Ranch violated the CWA and created a public nuisance by polluting the groundwater beneath his property and the property in and around Lima Ranch, with nitrates.  Lima Ranch now moves to join the City of Lodi ("City") as a necessary party pursuant

to Rule 19(a) of the Federal Rules of Civil Procedure.  For the reasons set forth below, Lima Ranch's motion is DENIED.[1]

## I. FACTUAL ALLEGATIONS

Jack and Patricia Hamm own and operate Lima Ranch, a dairy cow operation encompassing several hundred acres.  First Amended Complaint ("FAC") ¶ 2.  The ranch contains at least 1,000 dairy cows and its operations include milking, waste collection, waste storage and waste water discharge.  Id. ¶ 3.  Coldani owns a substantial amount of property adjacent to and in the vicinity of Lima Ranch.  Id. ¶ 2.  Coldani alleges that Lima Ranch's disposal of animal waste has caused the groundwater beneath, and surrounding the ranch (including his property), to become polluted by nitrates.  Id. ¶ 4.  Coldani alleges that the groundwater has become polluted due to nitrate-containing discharges that originate from leaks, percolations, infiltration and/or seepage of animal waste from the waste storage ponds and irrigation water applied by Lima Ranch to its fields.  Id. ¶¶ 33-34.  Coldani alleges that the polluted groundwater migrates onto his property and into the White Slough, which is hydrologically connected to the Sacramento-San Joaquin River Delta system; a navigable water located less than a mile from Lima Ranch.  Id. ¶¶ 4, 32, 34.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

2

Coldani contends that Lima Ranch's discharge of animal waste violates numerous laws, including the CWA. FAC ¶¶ 5, 26-27. Coldani claims that such conduct is causing imminent and substantial endangerment to health and the environment as well as interfering with his use and enjoyment of the surface water, groundwater, air and soils of his property. Id. ¶¶ 26-27, 35-39, 44. Coldani further claims that the community at large has been, and continues to be, harmed by Lima Ranch's conduct in that the nitrates discharged by its operations have caused or contributed to localized groundwater being unfit for use as a drinking water supply and/or for irrigation. Id. ¶ 44. Through this action, Coldani seeks a declaration that Lima Ranch has violated the CWA. Id. ¶ 47. Coldani also seeks relief in the form of an order requiring Lima Ranch to comply with the regulations governing its operations and to abate and remediate the consequences of its regulatory violations, including any conditions that have caused a public nuisance. Id. ¶ 47.

Lima Ranch now moves pursuant to Rule 19(a) of the Federal Rules of Civil Procedure to join the City as a necessary party on the basis that the City is a potentially responsible party for the nitrate contamination alleged by Coldani. Specifically, Lima Ranch contends that the City's White Slough Water Pollution Control Facility ("White Slough Facility"), a sewage treatment facility located near Lima Ranch and Coldani's property, is a

possible source of some or all of the nitrate contamination alleged by Coldani.  According to Lima Ranch, environmental reports show that nitrates have leached from the City's sewage pipes and White Slough Facility holding pond impacting the property in and around Coldani's property.  Lima Ranch asserts that localized groundwater deflection moves in a direction that would naturally cause any nitrate contamination at the White Slough Facility to migrate towards, and under, Plaintiffs property.  In its motion, Lima Ranch argues that the City is a necessary party because in their absence the Court could not fashion complete relief and their absence could cause Lima Ranch to incur liability for contamination for which it is not responsible.  Lima Ranch maintains that the City is responsible for some or all of the nitrate contamination alleged by Coldani, and therefore joinder of the City is necessary to avoid multiplicity of litigation.

## II. OPINION

A.   Legal Standard

"The framework for determining whether a party is necessary and indispensable is provided by Fed.R.Civ.P. 19(a)." American Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1022 (9th Cir. 2002).  A party is necessary within the meaning of Rule 19 if, in its absence, the court cannot accord complete relief among existing parties; or the absent party claims an interest

relating to the subject of the action and disposing of the action in its absence may: impair or impede its ability to protect that interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.  Fed.R.Civ.P. 19(a).  If the absent party falls into either of these "alternative" categories, it is "necessary" to the instant litigation.  See <u>Dawavendewa v. Salt River Project Agricultural Improvement and Power District</u>, 276 F.3d 1150, 1155 (9th Cir. 2002).

B.   <u>Analysis</u>

In the instant motion, Lima Ranch seeks to join the City as a necessary party under Rule 19(a) on the basis that the City's White Slough Facility is a possible source of some or all of the nitrate contamination alleged by Coldani.  In doing so, Lima Ranch seeks to join an alleged joint tortfeasor under Rule 19(a).  This is improper.  Tortfeasors facing joint and several liability are not parties who must be joined in a single lawsuit.  <u>Temple v. Synthes Corp.</u>, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."). "The Advisory Committee Notes to Rule 19(a) explicitly state that a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like

5

liability." Id. (internal quotation marks omitted).  Because each tortfeasor is jointly and severally liable, the plaintiff can pick and choose whom to sue and if the plaintiff elects to sue less than all of them, those sued cannot compel joinder of the other tortfeasors.  See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 207 (D.C. Cir. 1981).  Rule 19 does not require the joinder of joint tortfeasors.  See Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc., 844 F.2d 1050, 1054 (3d Cir. 1988) (an absent tortfeasor that is jointly liable to the claimant is not a Rule 19(a) indispensable party).  A defendant's possible right of contribution or indemnity against an absent party is not sufficient to make the absent party indispensable to the litigation.  Id.

    In this case, Coldani did not have to sue the City.  He could, and did, sue just Lima Ranch.  Lima Ranch's possible rights of contribution or indemnity against the City for all or part of the claims asserted against it by Coldani does not make the City an indispensable party under Rule 19.  If Lima Ranch is concerned about the City's absence, it can file a third-party complaint against the City under Rule 14(a) of the Federal Rules of Civil Procedure.  See Fed.R.Civ.P. 14(a) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the

claim against it."). To the extent Lima Ranch argues that impleading the City into this case under Rule 14 is not the appropriate procedural mechanism to join the City as a necessary party, the Court disagrees. Plaintiffs have specifically alleged facts which, if true, support the existence of a public nuisance[2] and have demanded that Lima Ranch "immediately and at its sole cost" abate the nuisance conditions. Thus, if Lima Ranch is found liable for the nitrate contamination alleged by Coldani and ordered to abate the contamination "at its sole cost" it would have a possible right of contribution or indemnity against the City as a joint tortfeasor. See Cal.Code Civ. Proc. § 731 (any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance may pursue both abatement and damages).

In short, the Court finds that the City is not a "necessary" party under Rule 19(a). Complete relief can be

---

[2] California Civil Code section 3479 defines a nuisance as "[a]nything which is injurious to health . . . or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . ." "A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." Cal. Civ.Code § 3480. Pollution of water constitutes a public nuisance. Newhall Land & Farming Co. v. Superior Court, 19 Cal.App.4th 334, 341 (1993). In fact, water pollution occurring as a result of treatment or discharge of wastes in violation of Water Code §§ 13000 et seq. is a public nuisance per se. Id. (citing Cal. Wat.Code § 13050(m)).

accorded between Coldani and Lima Ranch without joinder of the City.  See <u>Mintel Learning Technology, Inc. v. Beijing Kaidi Education</u>, 2007 WL 2288329, *13 (N.D. Cal. 2007) ("Because the liability of joint tortfeasors is both joint and several, a plaintiff can sue one without suing the others, and the court can afford a plaintiff complete relief in the absence of all the joint tortfeasors in the same lawsuit.").  The Court notes that Lima Ranch did not argue or offer evidence demonstrating that the City claims an interest relating to the subject of the action and that disposing of the action in its absence may impair or impede its ability to protect that interest.  <u>United States v. Bowen</u>, 172 F.3d 682, 689 (9th Cir. 1999) (Joinder is contingent upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action.).  Accordingly, the Court denies Lima Ranch's motion to join the City as a necessary party pursuant to Rule 19(a).

///

///

///

///

///

///

///

III. ORDER

For the reasons set forth above, Lima Ranch's motion to join the City as a necessary party pursuant to Rule 19(a) is DENIED.

IT IS SO ORDERED.

Dated:   September 2, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE