IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND COLDANI,

      Plaintiff,

  vs.

JACK HAMM and PATRICIA HAMM, individually and doing business as LIMA RANCH/DAIRY,

      Defendants.

No. CIV S-07-0660 JAM EFB

ORDER

_____/

      This case addresses plaintiff's claims that defendants' farming and dairy operations have contaminated adjacent groundwater in violation of section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a). The court previously granted plaintiff's motions to compel discovery, denied defendants' motion for protective order, and directed plaintiff, pursuant to Fed. R. Civ. P. 37(a)(5), to submit an affidavit detailing the expenses associated with bringing and opposing these motions. Order filed August 26, 2008. Plaintiff timely filed the appropriate documents, and defendants have responded. Plaintiff seeks $23,023.00 for 100.1 attorney hours[1] in pursuing these matters, based upon the work performed by two of plaintiff's attorneys, Stephen Ardis and

---

[1] While plaintiff's counsel states that they seek fees for 100 hours of work, Ardis Decl., Dckt. No. 51, ¶ 6, the number of hours itemized totals 100.1 hours.

1

Jeffrey Hawkins, at an hourly rate of $230.00.

Defendants contest the amount requested, contending that the number of hours claimed is excessive. Defendants state that their own counsel spent no more than 45 hours on the same matters, and contest specific entries that do not appear to relate to the subject motions.

Requiring payment of an opposing party's fees, when imposed as a discovery sanction, is intended to "discourage the unnecessary involvement of the court in discovery." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). The court previously concluded that sanctions were warranted here. As recounted in the court's prior order, the parties' disputes centered on defendants' refusal to participate in the exchange of discovery until plaintiff agreed to a blanket protective order, a position the court found "inappropriate" and "not well-taken." Dckt. No. 50, at 2. As the court previously stated, "[i]f a party believes that it must seek a protective order and is unable to obtain the other parties' consent for a stipulated request for such an order, the appropriate response is a timely motion, not a unilateral refusal to provide discovery responses." *Id.* The court required defendants to answer fully plaintiff's five interrogatories, which the court found "narrowly-tailored" and directly relevant to plaintiff's claims, and rejected defendants' objections based on the assertion of trade secret information. *Id.* at 2-3. The court also granted plaintiff's request to inspect defendants' property, to the extent requested, subject to the parties' own agreement to limit dissemination of that information to the confines of the instant litigation. These prior findings underscore the policy considerations applicable here that warrant imposition of monetary sanctions against defendants and the court's prior order is confirmed. *See* Fed. R. Civ. P. (a)(5)(A)(I-iii), (B).[2]

---

[2] Fed. R. Civ. P. 37(a)(5) provides in pertinent part:

(A) If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

1  The remaining issue is whether the amount of fees sought by plaintiff is reasonable. As a
2 general rule, "[t]he fee applicant bears the burden of documenting the appropriate hours
3 expended in the litigation and must submit evidence in support of those hours worked. The party
4 opposing the fee application has a burden of rebuttal that requires submission of evidence to the
5 district court challenging the accuracy and reasonableness of the hours charged or the facts
6 asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d
7 1392, 1397-1398 (9th Cir. 1992) (citations omitted).

8  "The calculation of the amount of a 'reasonable attorney's fee' is not a precise science. It
9 involves analysis of numerous factors, including, but not limited to: the number of hours
10 '"reasonably expended"' by counsel; the propriety of the hourly rate requested by counsel,
11 given the skill and experience of counsel and the level of sophistication required for the legal
12 services at issue; whether counsel has made a 'good faith effort to exclude from [the] fee request
13 hours that are excessive, redundant, or otherwise unnecessary;' and the 'level of success'
14 obtained through counsel's efforts. *Hensley v. Eckerhart*, 461 U.S. 424, 433-35 [](1983); *Jordan*
15 *v. Multnomah County*, 815 F.2d 1258, 1262-63 (9th Cir. 1987)." *Green v. Baca*, 225 F.R.D. 612,
16 614-615 (C.D. Cal. 2005). In addition, the court must assess "the reasonableness of the fee in
17 light of the totality of the circumstances." *Jordan,* 815 F.2d at 1263, n. 7. The court must
18 provide a "'concise but clear explanation of its reasons for the fee award.'" *Ferland v. Conrad*

---

But the court must not order this payment if:

    (I)    the movant filed the motion before attempting in good faith
             to obtain the disclosure or discovery without court action;
    (ii)   the opposing party's nondisclosure, response, or objection
             was substantially justified; or
    (iii)  other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

1  *Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001) (emphasis deleted) (quoting *Hensley,* 461
2  U.S. at 437).

3  The hourly fee requested by plaintiff's counsel – $230.00 – is reasonable and defendants
4  do not challenge it.  The next, and last, step of the analysis is to "carefully examin[e] the
5  declarations of, and time records submitted by, plaintiff's counsel.  *See Jordan*, 815 F.2d at
6  1263, n. 8 (the court 'should not uncritically accept counsel's representations concerning the
7  time expended')."  *Green v. Baca, supra,* 225 F.R.D. at 615.

8  Defendants challenge plaintiff's request for fees incurred prior to the date counsel
9  commenced research on plaintiff's motions (3 entries dated June 10, 2009 (totaling 9.7 hours),
10 and 1 entry dated June 16, 2008 (1.8 hours)).  The date on which plaintiff's counsel states that
11 they commenced research on plaintiff's motions to compel was June 19, 2008.  (Plaintiff's
12 Notices of Motion were both filed on July 23, 2008, Dckt. Nos. 39, 40, following defendants'
13 filing of its Notice of Motion on July 18, 2008, Dckt. No. 37.)

14 Review of the parties' June 2008 correspondence supports the position that these fees
15 were not directly "incurred in making [plaintiff's] motion[s]" or "incurred in opposing
16 [defendants'] motion," Fed. R. Civ. P. 37(a)(5)(A), (B).  Rather, while the correspondence
17 articulates the parties' disagreements over plaintiff's inspection request, the tone is relatively
18 amicable, without threat of motion, and suggests that both sides were attempting to resolve the
19 matter without court intervention.  *See* Dckt. No. 43, Ex. 11 (June 9, 2008 letter from
20 defendants' counsel), and Ex. 12 (June 17, 2008 letter from plaintiff's counsel).  Accordingly,
21 these entries (3 entries dated June 10, 2009, and 1 entry dated June 16, 2008) will be omitted
22 from the sanctions award (excluding a total of 11.5 hours).

23 Similar reasoning supports the exclusion of plaintiff's remaining pre-motion entries,
24 specifically, the June 19, 2008, July 10, 2008 and July 14, 2008 entries.  The first entry (2.5
25 hours) provides, "Research Motion to Compel," while the last two entries identify research
26 concerning defendants' trade secret objections and plaintiff's motion to compel, as well as the

4

preparation of plaintiff's opposition to defendants' motion for joinder. Conceding that fees incurred in opposing the motion for joinder are not relevant to the instant discovery sanctions, plaintiff's counsel "conservatively" estimates that only 3 of the 12 hours reflected in the last two entries addressed discovery matters. *See* Ardis Decl., Dckt. No. 51, at 3, ¶ 4. However, counsel's estimates and the timing of this research prior to the filing of plaintiff's routine Notices of Motion (discussed *infra*), underscore the abstract nature of these requested fees. Accordingly, these entries (1 entry dated June 19, 2008, 1 entry dated July 10, 2008, and 1 entry dated July 14, 2008) will be omitted from the sanctions award (excluding a total of 5.5 hours).

Plaintiff seeks 1 hour each for preparing its Notices of Motions, Dckt. Nos. 39, and 40. Review of these documents and their attachments demonstrates that they are routine filings that could have been prepared by a legal assistant or paralegal, and merit no more than ½ hour each of experienced attorney time. Accordingly, these entries (2 entries dated July 23, 2008) will be reduced by 50% (excluding a total of 1 hour).

With the exception of plaintiff's appearance at, and final preparation for, the hearing on this matter (4 hours, discussed *infra*), the remainder of plaintiff's affidavit requests reimbursement for a total of 77.1 hours for researching and writing in support of, and opposition to, the parties' discovery motions, including meeting with experts and communicating with defendants' counsel. The court acknowledges the relative complexity of the scientific and legal issues in this case (as well as the parties' respective and detailed portions of the discovery joint statement, and their respective declarations and supporting documents) but finds that nearly two full weeks of experienced attorney time devoted to these overlapping discovery matters is excessive. Plaintiff's counsel has not explained the necessity of two attorneys working on these matters (e.g., their relative expertise), and the court perceives no clear division of subject matter or authority between the two. The court finds the number of hours claimed to be excessive and will therefore reduce the request by 25%. Accordingly, the entries dated July 21, 2008 through August 7, 2008 (with the exception of the Notices of Motions entries dated July 23, 2008,

discussed s*upra*), a total of 23 entries, will be reduced from 77.1 hours to 57.9 hours (excluding 19.2 hours).

     Finally, plaintiff seeks a total 4 hours for appearing at the August 13, 2009 discovery hearing, and final preparation for the hearing. Review of the court's records indicates that the hearing on these matters commenced at 10:10 a.m., and lasted 24 minutes. Plaintiff's counsel was required to travel to and from Lodi, a distance of approximately 35 miles, which takes approximately 45 minutes each way to drive. It is reasonable to reimburse counsel for two hours of travel and hearing time. In addition, two hours final preparation for oral argument is reasonable. Accordingly, this entry (4 hours) will be reimbursed in full.

CONCLUSION

     For the foregoing reasons, this court finds the requested number of hours to be excessive, and reduces that amount from 100.1 hours to 62.9 hours. Accordingly, plaintiff is entitled to a discovery sanctions award in the total amount of $14,467.00 (62.9 hours, at $230.00 per hour).

     Accordingly, IT IS HEREBY ORDERED that defendants shall make this payment, $14,467.00, in full, to plaintiff's counsel within twenty (20) calendar days after the filing date of this order. The full amount of this award shall be credited to plaintiff's account.

     SO ORDERED.

DATED: September 17, 2009.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE