UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND COLDANI, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACK HAMM and PATRICIA HAMM,<br>Individually and doing business<br>as LIMA RANCH/DAIRY,<br><br>　　　　　Defendants. | Case No. 2:07-CV-0660-JAM-EFB<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL OF PLAINTIFF'S PUBLIC NUISANCE CLAIM |

This matter comes before the Court on Defendants' Jack and Patricia Hamm, d/b/a Lima Ranch/Dairy (Defendants') Motion to Dismiss (Doc. 76) Plaintiff Raymond Coldani's state law public nuisance claim, for lack of jurisdiction.  As Raymond Coldani is deceased, Steven Coldani, trustee of the Coldani Revocable Trust, has been substituted for Raymond Coldani.  Plaintiff Steven Coldani ("Plaintiff") opposes the motion to dismiss (Doc. 105). The matter was set for a hearing on November 17, 2010 and ordered submitted on the briefs.[1]  For the reasons set forth

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

below, Defendants' motion is granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This case was originally filed by Raymond Coldani, based on allegations that Defendants were causing water pollution via runoff from their dairy. The original Complaint (Doc. 1) brought two federal claims: one claim for relief under the Clean Water Act ("CWA") and one claim for relief under the Resource Conservation and Recovery Act ("RCRA"). Later, the Complaint was amended (Doc.24), and brought only the CWA claim and a state law public nuisance claim. Following extensive discovery regarding the basis for the CWA claim, the Court denied a later motion to further amend the complaint (Doc. 73). Subsequently, Raymond Coldani moved to dismiss his CWA claim. The Court granted the motion (Doc. 87). The case was stayed due to Raymond Coldani's death, and the stay was lifted once Steven Coldani was substituted as the Plaintiff. Defendants' motion to dismiss the remaining state law nuisance claim was filed before the stay, and remained pending during the stay.

## II.   OPINION

A.   <u>Legal Standard</u>

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

///

28 U.S.C. 1367(a).  "Under 28 U.S.C. § 1367(c), a district court 'may decline to exercise supplemental jurisdiction ... [if] the district court has dismissed all claims over which it has original jurisdiction.'  The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity." Meza v. Matrix Servicing, 2010 WL 366623, at *3 (E.D. Cal. Jan. 26, 2010) (internal citations omitted).  In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine- judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (superseded on other grounds by statute as recognized in Fent v. Okla. Water Res. Bd., 253 F. 3d 553, 557 (10th Cir. 2000).

### B. Claim for Relief
#### 1. Public Nuisance

In the present case, the only remaining claim is a state law claim for "abatement of continuing public nuisance."  The amended complaint alleges that nuisance conditions arise from violations of the state waste discharge requirements and violations of the California Health and Safety Code, constituting a nuisance as defined in California Water Code § 13050(m).  A private person may maintain an action for a public nuisance, if it is specifically injurious to himself, but not otherwise.  Cal. Civ. Code § 3493. Additionally, California

Civil Code § 3482 provides that "nothing which is done or maintained under the express authority of a statute can be deemed a nuisance." Thus, resolution of this claim will require a determination of whether there has been any violation of the various state statutes and regulations governing waste discharge, in addition to determining if the claim meets requirements for common law nuisance.

Because this case was stayed, the discovery cutoff date in the Court's scheduling order (Doc. 71) has passed, as has the trial date. Thus, whether the case is kept in federal court or dismissed for re-filing in state court, discovery must be completed and new trial dates set. In addition, the Eastern District of California currently has the heaviest caseload in the county, over two times larger than the national average. This Court is simply not in the position to retain cases that may properly be adjudicated by the state court.

Accordingly, the Court is exercising its discretion and declining to retain pendent jurisdiction over the only remaining claim in this action, as it is a state law claim that is best resolved by the state court. Balancing judicial economy, convenience, fairness and comity, the Court finds that dismissal, without prejudice to re-file in state court, is the proper exercise of its discretion in this matter.

III. ORDER

Defendants' Motion to Dismiss the public nuisance claim is GRANTED.

IT IS SO ORDERED.

Dated: December 21, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE