UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND COLDANI, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>JACK HAMM and PATRICIA HAMM,<br>individually and doing business<br>as LIMA RANCH/DAIRY,<br><br>                Defendants. | Case No. 2:07-CV-0660-JAM-EFB<br><br><u>ORDER DENYING DEFENDANTS'</u><br><u>MOTION FOR FEES AND COSTS AND</u><br><u>DENYING DEFENDANTS' BILL OF</u><br><u>COSTS</u> |

    This matter is before the Court on Defendants' Jack and Patricia Hamm, dba Lima Ranch/Dairy ("Defendants") Motion for Attorney's Fees, Expert Fees, and Costs (Doc. #114) against Plaintiff Steven Coldani, as Trustee of the Coldani Revocable Trust ("Plaintiff"), who was substituted as Plaintiff in place of Raymond Coldani. Plaintiff opposes the motion for fees (Doc. #119). Also before the Court is Defendants' Bill of Costs (Doc. #109), to which Plaintiff objects (Doc. #112). This matter was set for hearing on March 9, 2011, but ordered submitted without oral argument.[1]

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

I.  <u>Factual and Procedural Background</u>

This case was originally filed by Raymond Coldani ("Coldani"), based on allegations that Defendants were causing water pollution via runoff from their dairy.  The original Complaint (Doc. #1) brought two federal claims: one claim for relief under the Clean Water Act ("CWA") and one claim for relief under the Resource Conservation and Recovery Act ("RCRA").  The CWA claim was premised on allegations that animal waste from Lima Ranch polluted groundwater that discharged into the White Slough, which in turn empties into the San Joaquin River Delta System, which is navigable water.  Defendants brought a motion to dismiss the complaint (Doc. #5) for lack of subject matter jurisdiction, on grounds that notice was insufficient under the statutory requirements of the CWA and RCRA, and therefore the court lacked jurisdiction over these claims.  Defendants also argued that the complaint did not allege a CWA or RCRA violation, and that Coldani lacked standing (and the Court lacked jurisdiction) because of his failure to allege an RCRA claim.  The Court found that notice was sufficient for both the CWA and RCRA claims, and that Coldani had sufficiently alleged a CWA claim and had standing to bring a citizen suit.  (See Order, Doc. #18).  However, the Court agreed with Defendants that the complaint did not allege that Lima Ranch discharged "hazardous waste" in violation of the RCRA and that the "solid waste" discharge alleged in the complaint was "industrial discharge from a point source subject to NPDES permits under the CWA."  Because of this, the discharge was excluded from the definition of solid waste under the RCRA, and

2

1  instead regulated by the CWA.  The Court therefore declined to
2  exercise jurisdiction over the RCRA claim to avoid duplicative
3  regulation.
4      Coldani did not appeal the dismissal of the RCRA claim.
5  Instead, Coldani filed a motion for leave to amend the complaint
6  (Doc. #20), seeking to add a public nuisance claim in order to
7  address any pollution that would not fall under the CWA claim,
8  and that might have been addressed by the dismissed RCRA claim.
9  The Court granted leave to amend, and Coldani filed the Amended
10 Complaint (Doc. #24), bringing the CWA claim and a state law
11 public nuisance claim.  The CWA claim was again premised on
12 groundwater discharging into White Slough, which would require
13 the groundwater to flow west.  Following extensive discovery
14 regarding the basis for the CWA claim, Coldani filed a motion
15 for leave to amend the Complaint (Doc. #62).  Coldani alleged
16 that groundwater flowed east instead of west, and therefore he
17 sought to dismiss his CWA claim and re-allege his previously
18 dismissed RCRA claim.  The Court denied this motion to amend
19 (Doc. #73).  Subsequently, Coldani moved to voluntarily dismiss
20 his CWA claim, with prejudice, pursuant to Federal Rules of
21 Civil Procedure 41(a)(2) (Doc. #74).  The case was stayed due to
22 Coldani's death, and the stay was lifted once Steven Coldani was
23 substituted as the plaintiff.  After the stay was lifted, the
24 Court granted the motion for voluntary dismissal (Doc. #87).
25 The Court also heard oral argument on a motion for attorneys'
26 fees and sanctions brought by Defendants, against Plaintiff's
27 counsel, Isola Law Group.  (See Doc. #100).  The Court denied
28 the motion without prejudice, noting that the motion did not

3

comply with the Local Rules and a claim remained pending in the action.  Subsequently, the Court granted Defendants' motion to dismiss the remaining state law nuisance claim, which had been filed before the stay.  Now that the Court has dismissed the state law claim, Defendants renew their requests for attorneys' and experts' fees, costs, and/or sanctions.

Defendants assert that neither Plaintiff nor Plaintiff's counsel conducted a reasonable inquiry into the direction of groundwater flow prior to filing this lawsuit.  Even if Plaintiff and his counsel conducted a reasonable inquiry, Defendants further argue that Plaintiff should have voluntarily dismissed the CWA claim much sooner.  Accordingly, Defendants set forth several theories for recovery.  Defendants contend that they are the prevailing party on all claims. Alternatively, Defendants ask the Court to exercise its inherent power to award fees.  Lastly, Defendants ask that Plaintiff and Isola Law Group be held jointly and severally liable for fees in the form of sanctions.  Defendants request fees for the entire litigation, or in the alternative, fees for the portion of the litigation following Plaintiff's discovery that groundwater flowed east not west.

Plaintiff and his counsel oppose the motion, contending that Defendants are not "prevailing parties" under the CWA and the RCRA, that Plaintiff and his counsel conducted a reasonable inquiry into groundwater flow prior to filing the suit, and that at no point in the litigation was groundwater flow determined to be exclusively and definitively in a single direction. Plaintiff also challenges Defendants' use of block billing and

the amount requested by Defendants in fees and costs.

## II. Opinion

### A. Legal Standard

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Ninth Circuit requires a district court to calculate an award of attorney's fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). "The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Caudle, 224 F.3d at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998). As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1040, 1045 (9th Cir. 2000). The Court is under an independent duty to reach its own "lodestar" value. Hensley, 461 U.S. at 433.

After computing the lodestar, the district court is to assess whether additional considerations enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert denied, 425 U.S. 951 (1976), require the court to adjust the figure. The Kerr facts are: (1) time and labor required;

(2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of professional relationship with the client; and (12) awards in similar cases.  Kerr, 526 F.2d at 70.

Although Raymond Coldani is deceased, fees and costs can be recovered from Steven Coldani, as Trustee of the Coldani Revocable Trust.  Under California law, an action pending at the time of a party's death may be continued against the decedent's successor in interest and all damages are recoverable that might have been recovered against the decedent had the decedent lived. Cal. Code of Civ. Proc. § 377.42; see also Cal. Code of Civ. Proc. §§ 377.20, 377.41 and Cal. Probate Code § 9370.  In this case, the Revocable Trust is Coldani's successor in interest, as Coldani devised the majority of his assets to the Revocable Trust.  See Cal. Code of Civ. Proc. § 377.11.  Such damages can be recovered from the Revocable Trust pursuant to California Probate Code 19001(a).

      1.   Prevailing Party

Defendants first argue that they are entitled to attorneys' fees, experts' fees and costs because they are the prevailing party under the CWA.  Defendants argue that when the Court granted Plaintiff's request for voluntary dismissal under

Federal Rules of Civil Procedure 41(a)(2), with prejudice, this operated as an adjudication on the merits for purposes of obtaining fees under the CWA.  Plaintiff contends that a voluntary dismissal under Rule 41(a)(2) does not operate as a dismissal on the merits.  Moreover, even if Defendants were the prevailing party, they would not be entitled to fees under the CWA.

In a CWA citizen suit, the court may award costs of litigation (including reasonable attorney and expert witness fees, to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.  33 U.S.C. 1365(d).  An order awarding a prevailing defendant his attorneys' fees and experts' fees in a CWA or RCRA action is appropriate where the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.  Razore v. Tulalip Tribes of Washington, 66 F.3d 236, 240 (9th Cir. 1995).  "A litigant qualifies as a prevailing party if it has obtained a court ordered change in the legal relationship between the plaintiff and the defendants."  St John's Organic Farm v. Gem County Mosquito Abatement Dist., 574 F.3d 1054, 1058-59 (9th Cir. 2009) (internal citations omitted).  The Ninth Circuit has held that parties must have obtained judicially enforceable "actual relief on the merits of their claim that materially altered the legal relationship between the parties." St. John's Organic Farm, supra, quoting Richard S. v. Dep't of Dev. Servs. Of Cal., 317 F.3d 1080, 1087 (9th Cir. 2003).

Accordingly, the Court will apply these three factors: (1) judicial enforcement, (2) material alteration of the legal relationship between the parties, and (3) actual relief on the merits of plaintiff's claims.  See St. John's Organic Farm, supra at 1059.  First, the Court granted Plaintiff's motion for voluntary dismissal of the CWA claim with prejudice, thus the matter was resolved in a judicially enforceable manner (Plaintiff may not re-allege the CWA claim).  Second, the legal relationship between the parties has been materially altered, because Plaintiff cannot bring the CWA claim again, thus ending the CWA legal dispute between the parties.  Lastly, the Court never ruled on the merits of the CWA claim, nor Defendants' opposition to the claim.  However, for purposes of res judicata, a voluntary dismissal with prejudice serves as a dismissal on the merits.  See, e.g., Baker v. Voith Fabrics U.S. Sales, Inc., 2007 WL 1549919 (E.D. Wash. 2007) (citing Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (stating that the phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.')).  Accordingly, Defendants received a judgment on the merits and may be considered the prevailing party on the CWA claim.

Applying the St. John's factors to the RCRA claim, Defendant is not entitled to prevailing party status.  The RCRA claim was dismissed on jurisdictional grounds, to avoid duplication since it was brought together with the CWA claim.  This jurisdictional dismissal, without prejudice, did not materially alter the legal relationship between the parties.  A jurisdictional dismissal is not a judgment on the merits.  Wages

1  v. I.R.S., 915 F.2d 1230, 1234 (9th Cir. 1990).
2       Having determined that Defendants may be considered the
3  prevailing party on the CWA claim, the Court must next determine
4  if an award of fees and costs to Defendants is appropriate under
5  the "frivolous, unreasonable or without foundation" standard
6  articulated in Razore, 66 F.3d at 240.  Defendants assert that
7  Coldani and his counsel had access to publicly available maps
8  and information showing that groundwater in the region flowed
9  east, prior to filing the lawsuit, thus it was frivolous and
10 reckless to file the suit in the first place.  Even if Plaintiff
11 did not know before filing the suit that groundwater flowed
12 east, Defendants argue that he knew as early as February 2008,
13 gained further information in October 2008, and at a minimum
14 knew for certain in July 2009 when Plaintiff distributed a fact
15 sheet containing this information.  However, Plaintiff waited
16 until September 2009 to file the motion to amend and substitute
17 the RCRA in place of the CWA claim.  After the court denied the
18 motion to amend, Plaintiff moved to dismiss his CWA claim in
19 November 2009.  Defendants assert that it was frivolous and
20 reckless for Plaintiff to continue to litigate the CWA claim for
21 this length of time.
22      Plaintiff argues that sufficient evidence of occasional
23 water flow in a westerly direction exists to justify bringing
24 and maintaining the CWA claim.  Plaintiff argues that the
25 decision to abandon the CWA claim and focus on the nuisance
26 claim was made after consultation with Plaintiff's counsel and
27 exchange of expert reports in August 2009.  Plaintiff elected to
28 concentrate litigation efforts and resources on the nuisance

claim, as the groundwater flow direction issue would have been an extremely costly issue to prove at trial.

Accordingly, to the extent that Defendants can be considered the prevailing party under the CWA for purposes of attorney's fees, the Court does not find that an award of fees to Defendants is appropriate. While research presented by the parties strongly indicate that surface water flows east, not west, thus precluding a CWA claim, the Court does not find that it was frivolous, unreasonable or without foundation for Plaintiff to bring the suit and continue to litigate it up until the point that Plaintiff filed for voluntary dismissal. Plaintiff has put forth sufficient reasons for maintaining the claim for the period that he maintained it.

Defendants further argue that they are entitled to costs as the prevailing party under Federal Rules of Civil Procedure 54(d)(1). This rule provides for an award of costs (other than attorneys' fees) to the prevailing party, unless a federal statute, federal rule, or court order provides otherwise. In this case, the rules for an award of costs to the prevailing party in a CWA claim is governed by the statute, and as discussed above, costs to a prevailing defendant are only appropriate if the Plaintiff's case was frivolous, unreasonable or without foundation. The Court does not so find, and therefore denies Defendants' request for costs under Rule 54(d)(1).

    2. <u>Federal Rules of Civil Procedure 41</u>

Defendants move the Court for an award of fees as a condition of dismissal of Plaintiff's CWA claim under Rule

41(a)(2).  Ordinarily, a dismissal under Rule 41(a)(2) is without prejudice, and the Court may condition the dismissal on the payment of attorneys' fees, to protect a defendant in case the plaintiff brings the case again.  See Chang v. Pomeroy, 2011 WL 618192, *1 (E.D. Cal. Feb. 10, 2011).  While Defendants are correct that a court may condition voluntary dismissal without prejudice under Rule 41(a)(2) on the payment of attorneys' fees and costs, this is not ordinarily done when the dismissal is with prejudice.  See Chang, supra. The purpose of conditioning voluntary dismissal without prejudice on the payment of fees is primarily to protect defendants, in the event that a plaintiff brings the claims again.  Id.  The Court did not condition voluntary dismissal on the payment of fees, and declines to do so now.

### 3. The Court's Inherent Power to Award Fees

As an additional basis for seeking fees, Defendants argue that Plaintiff should be ordered to pay attorneys' fees and costs as a sanction under the Court's inherent powers.  The Ninth Circuit has found that "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith.  Sanctions are available for a variety of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment or an improper purpose."  Fink v. Gomez, 239 F.3d 989, 993-994 (2001).

This case has been aggressively litigated by both parties since it was filed in 2007.  Both parties have brought numerous motions, and have prevailed on some motions and lost on others. Ultimately, the Court has never reached the merits of any of the

claims.  However, the Court does not find that Plaintiff has litigated in bad faith, with recklessness, or for an improper purpose.  While Plaintiff brought the initial suit, and subsequent amended complaints, the Court notes that Defendants chose to bring a motion to join the City of Lodi as a defendant (which was denied), violated a discovery order (and were sanctioned), and chose to continue litigating this case after Mr. Coldani's death in 2009 (despite notification that none of Mr. Coldani's relatives wanted to be substituted in to carry on the case as plaintiffs).  Both parties have been equally aggressive in their litigation tactics, and this Court declines to single out Plaintiff as acting in bad faith.  Accordingly, the Court will not award fees under its inherent power.

         4.   <u>Sanctions</u>

Lastly, Defendants argue that attorneys' fees, experts' fees and costs should be awarded to them as sanctions under 28 U.S.C. § 1927, against the Isola Law Group.  The Court previously heard a motion for sanctions against the Isola Law Group, and dismissed it without prejudice.  At oral argument, the Court noted that it could not award fees because Defendants had not properly documented their hours for the Court.  Additionally, the Court noted that the litigation did not appear to be brought or driven by counsel in bad faith.

28 U.S.C. § 1927 provides that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

> "Attorney fees under section 1927 are appropriate if any attorney's conduct is in bad faith; recklessness satisfies this standard.  The Ninth Circuit has also required a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.  Moreover, the Ninth Circuit has cautioned that sanctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."

Gomes v. American Century Companies, Inc., 2010 WL 1980201 at *3 (E.D. Cal. May 17, 2010) (internal citations omitted).

The Court will not order sanctions against Isola Law Group under 28 U.S.C. § 1927.  While there was evidence indicating that the primary water flow direction was east, there was enough evidentiary support for the belief that water might also at times flow west.  Thus, it was reasonable that Plaintiff persisted with the litigation up until August 2009 when Plaintiff and his counsel determined that it would be very difficult and costly to prevail on the CWA claim.  Furthermore, with respect to bringing the CWA claim in the first place, "The Ninth Circuit has made it clear that the filing of a complaint may not be sanctioned pursuant to § 1927 because § 1927 only addresses the multiplication of proceedings. " Gomes, at *4.

### 5. Bill of Costs

Defendants filed a Bill of Costs, asking for a total of $98,523.90 in costs.  Of this amount, $4,617.62 is sought in fees for exemplification and the costs of making copies of materials, and $93,906.28 is sought in experts' fees.  However, the basis for recovery of costs cited by Defendants is that they are the prevailing party under the CWA and RCRA.  As previously

discussed, the Court does not find that Defendants are the prevailing or substantially prevailing party under the RCRA. While Defendants may be considered the prevailing party under the CWA, the Court does not find that Plaintiff's CWA claim was frivolous, unreasonable or lacking in foundation.  Thus the Court will not award the costs enumerated in the Bill of Costs to Defendants.  As discussed above, the Court also declines to award costs under Rule 54(d)(1).

### III. Order

Defendants' motion for attorneys' fees, experts' fees and costs is DENIED.  Defendants' Bill of Costs is DENIED.

IT IS SO ORDERED.

Dated: May 31, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE